IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY MILANOVICH, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:12-CV-258 (HL) |
| ROBERT TOOLE, | : | |
| Defendant | : | |
| | : | **ORDER** |

Plaintiff **GREGORY MILANOVICH,** presently incarcerated at Hays State Prison in Trion, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983 along with an "Emergency Petition for Temporary Restraining Order." Plaintiff has also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has a prolific filing history. In fact, he has filed approximately 77 civil actions in the United States District Courts for the Middle, Northern, and Southern Districts of Georgia. At present, at least 15 of these complaints have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Milanovich v. Hutson*, 1:96-CV-739 (N. D. Ga. April 26,

1996); *Milanovich v. Miller*, 1:96-CV-1649 (N. D. Ga. August 7, 1996); *Milanovich v. Miller*, 1:96-CV-2438 (December 11, 1996); *Milanovich v. Miller,* 1:96-CV-2440 (N. D. Ga. October 22, 1996*; Milanovich v. Miller,* 1:96-CV-2444 (N. D. Ga. October 22, 1996*); Milanovich v. Miller, 6:97-CV-68 §. D. Ga. May 16, 2000*); *Milanovich v. Garner,* 6:97-CV-82 (S. D. Ga. July 18, 1997); *Milanovich v. Sikes*, 6:97-CV-111 (S. D. Ga. September 11, 2000); *Milanovich v. Mosley*, 2:99-CV-32 (S. D. Ga. June 14, 1999); *Milanovich v. Garner*, 1:99-CV-281 (N. D. Ga. April 15, 1999); *Milanovich v. Garner*, 1:99-CV-398 (N. D. Ga. April 15, 1999); *Milanovich v. Barnes*, 1:99-CV-674 (N. D. Ga. May 25, 1999); *Milanovich v. Wetherington*, 1:99-CV-2099 (N. D. Ga. February 16, 2000); *Milanovich v. State of Georgia*, 1:00-CV-10 (N. D. Ga. February 23, 2000); and *Milanovich v. Shryock*, 1:00-CV-1852 (N. D. Ga. October 17, 2000). , 1:06-CV-176 (WLS) (M. D. Ga. January 31, 2007).[1]

Because Plaintiff has had at least 15 prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing. Instead, he has filed a 31 page rambling, nearly-illegible complaint in which he makes various general allegations against Robert Toole. Robert Toole is employed at Wilcox State Prison. The alleged constitutional violations occurred between April 2011 and June 2012 at Wilcox State Prison. Plaintiff was transferred from Wilcox State Prison to Hays State Prison in June 2012. Therefore, any danger he faced from Defendant Toole at Wilcox State Prison occurred in the past and no longer exists. Thus, Warden Toole poses no current threat of "imminent danger of serious physical injury" to Plaintiff. Additionally, Plaintiff can no longer receive the injunctive and declaratory relief that he requests. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer

---

[1] Question 8 on the required 42 U.S.C. § 1983 form asks, "AS TO ANY LAWSUIT FILED IN ANY FEDERAL COURT, in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim"? Plaintiff responded, "No." This is obviously not the case. As explained above, Plaintiff has had at least fifteen actions dismissed as frivolous. Although the Court does not dismiss this complaint because of Plaintiff's misstatement, Plaintiff should be aware that the Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. *See Rivera*, 144 F.3d at 731 (citations omitted).

to another prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.[2] Plaintiff's "Emergency Petition for Temporary Restraining Order" is **DENIED**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $350.00 filing fee at the time of filing.

**SO ORDERED**, this 1st day of August, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.